IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DANNY HOGAN, #01673107 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-121-JDK-JDL |
| | § | |
| DEBRA HALBROOK, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Danny Hogan, a Texas Department of Criminal Justice inmate proceeding pro se and *in forma pauperis*, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 9, 2025, Judge Love issued a Report (Docket No. 13) recommending that Plaintiff's lawsuit be dismissed with prejudice as frivolous and for the failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). Specifically, Judge Love determined that Plaintiff's complaints regarding his prison grievances present no constitutional issues. A copy of this Report was sent to Plaintiff at his address, and Plaintiff filed timely objections. Docket No. 15.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

1

U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff complains about his prison grievances. Docket No. 15. He reiterates his contention that his Step 1 grievance was not sent to the Michael Unit for investigation or processing and that Defendant Roden "did not follow procedures by sending or calling Michael Unit to process [his] complaint (grievance) Step 1," prompting him to write a Step 2 grievance. *Id.* at 1. The Court overrules this objection. The Magistrate Judge properly found that a prisoner has no constitutional right to have his grievances resolved or processed to his satisfaction. *See Geiger v. Jones*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Toson v. Taylor*, 2023 WL 8271965, at *1 (5th Cir. 2023) ("Toson likewise failed to assert a plausible denial of his due process rights with respect to Michael Collier's handling of his administrative grievances because prisoners have no federally protected liberty interest in having grievances resolved to their satisfaction."). This objection is overruled.

Plaintiff next objects to Judge Love finding that Defendant Roden was the only defendant in the case. He states that he "was not asking for" the Defendant Roden "complaint to be superseded over [Defendant] Halbrook complaint." Docket No. 15 at 1–2. To the extent that Plaintiff is complaining that the Magistrate Judge

2

determined that he dropped claims against Defendant Halbrook when he filed his amended complaint, he is wrong.

An amended complaint generally supersedes and takes place of an original complaint. *Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986). When Judge Love ordered Plaintiff to file an amended complaint in order to state a short and plain statement for relief, he explained that the amended complaint would act as the operative pleading in this proceeding—and, therefore, his amended complaint must comprehensively set forth all the claims he intends to pursue in this case. Docket No. 4. Plaintiff filed his amended complaint listing only Defendant Roden and complaining that Defendant Roden did not properly process or investigate his grievance. Docket No. 7. Plaintiff's amended complaint does not specifically refer to, adopt, or incorporate by reference his initial complaint. *Id.*; *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("[A]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading"). This objection is also overruled.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 15) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 13) as the opinion of the Court. Plaintiff's

3

claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

**So ordered and signed on this**

**Jul 29, 2025**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4